UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-61627-CIV-COHN/SELTZER

ISABEL GARCIA GALDAMEZ, and all        )
others similarly situated under 29 U.S.C. )
216(b),,                               )
                    Plaintiff,         )
        vs.                            )
                                       )
SUPER STOP 411 INC,                    )
JOSEPH GEORGE,                         )
                                       )
                    Defendant.         )
_____    )

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER [DE20]

COMES NOW the Plaintiff, by and through the undersigned, and files her Response in Opposition to Defendants' Motion for Protective Order and Incorporated Memorandum of Law, filed by Defendants as [DE20], and in support thereof states as follows:

1. On August 14, 2017, Plaintiff filed the instant lawsuit which sounds under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages. [DE1].

2. The day immediately following the filing of the instant lawsuit, on August 15, 2017, the Court entered a Scheduling Order [DE4]. Per the Court's Scheduling Order [DE4], "discovery shall commence upon service of the Complaint, as no Scheduling Conference will be held in this case." The discovery cutoff is November 30, 2017. *Id.*

3. Defendants were served with the instant lawsuit on August 17, 2017. [DE9]. The day prior to the date Defendants responsive pleading to the Complaint was due, on September 6, 2017, Defendants appeared in this case for the first time and filed a Motion for

Extension of Time to File a Response to the Complaint [DE11], which was granted [DE14].

4. Immediately following the appearance of Defense counsel, on September 6, 2017, Plaintiff served Defendants with his initial written discovery including Plaintiff's First Request for Production, First Request for Admissions, Notice of Serving First Set of Interrogatories, and First Set of Interrogatories, directed towards each Defendant.[1] *See,* Exhibit "A." In said email, Plaintiff also proposed three (3) dates for Defendants' depositions and requested that Defendants provide alternative dates for same to occur within the next two (2) weeks should said dates not be available. *Id.* Defendants responded that they would be in touch and attached the Administrative Order regarding Closure of Florida State Courts in Preparation for hurricane Irma. *Id.*

5. The undersigned Firm was closed on September 8, 2017 through to September 12, 2017, addressing pre-hurricane preparation and safety issues given the severity of the expected storm and post-storm related activities.

6. Thereafter, as Plaintiff had not had any further response from Defendants, on September 13, 2017, Plaintiff served Defendants with her Notice of Taking Deposition for September 26, 2017. *See*, Exhibit "B."

7. Federal Rules of Civil Procedure, Rule 30(b)(1) states in part that "a party who wants to depose a person by oral question must given reasonable written notice to ever other party." [emphasis added]. Per the Notice and Plaintiff's counsel's email, Defendants were advised that should a re-notice be requested, please provide dates for same to occur no later than October 6, 2017. Absent a re-notice, Plaintiff intends to proceed as herein

---

[1] On September 18, 2017, Plaintiff also served Supplemental Interrogatories directed towards each Defendant.

noticed and reserves all rights to seeks fees and costs in relation to Defendants' non-appearance.

8. In response to Plaintiff's service of the Notice of Taking Deposition, Defense counsel represented that neither he nor his client were available for a deposition on September 26, 2017, and simultaneously represented that he had not been able to reach his client "due to the power outages throughout South Florida" and "cannot commit to any deposition without conferring with them." Defense counsel did not further explain why he and/or his client was not available on said date and did not explain how he was able to represent that his client was not available on said date when he was unable to reach him to verify same; said representations were specious at best.

9. Recognizing that Plaintiff was up against a time-clock and would need ample time to conduct discovery germane to the issues in the case at bar, Plaintiff moved this Court for an Extension of Time of All Deadlines [DE14]. The Court denied Plaintiff's Motion finding that "there is no indication that the parties will be unable to meet any of the deadlines in the scheduling order despite their diligence, including the discovery deadline, which is currently over ten weeks away." [DE15].

10. On September 14, 2017, Plaintiff's counsel sent another conferral email to Defense counsel requesting that Defense counsel provide alternative dates should the date noticed not work for Defendants, which went unanswered. Plaintiff's counsel followed up yet again on September 18, 2017, immediately after the Court denied Plaintiff's Motion [DE15]; Defense counsel provided a dubious response that he would provide alternative dates later that week.

11. Plaintiff's counsel's firm was closed in observance of the following Jewish holidays on 9/21/17, 9/22/17 for Rosh Hashanah. Defendants sent an email on September 22, 2017, which failed to include any alternative dates for the depositions to be reset and Defense counsel's party-line that he was working on obtaining dates.

12. On September 25, 2017, for the first time, Defendants offered the dates of October 23-27, 2017, for the depositions to be set. Plaintiff has explained that Plaintiff does not agree to burning out an entire month of discovery as the Court has already denied Plaintiff's Motion to extend all deadlines.

13. In the eleventh hour, on the eve prior to the depositions, Defense counsel filed the instant Motion [DE20].[2]

14. The filing of a motion for a Protective Order does not excuse the movant from complying with the discovery requested. *SeeDiscovery Practice in the United States District Court Middle District of Florida,* § VI B; *See also, King v. Fidelity National Bank of Baton Rouge,* 712 F.2d 188, 191 (5th Cir.1983) (per curiam), *cert. denied* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984); *In re Skyway Development Corp.,* 67 B.R. 674, 677

---

[2] *See also, Farnsworth v. Center for Disease Control,* 758 F.2d 1545, 1547 (11th Cir. 1985) ("While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach under the Rule.") (citations omitted); *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989) (citation omitted) (While a court has broad discretion to fashion a protective order, a "'court must articulate its reasons for granting a protective order sufficient for appellate review.'"); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005) ("Rule 26(c) provides that upon a showing of good cause, a court 'may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order.") (citations omitted).

(Bankr.M.D.Fla.1986); *Williams v. Am. Tel. & Tel. Co.,* 134 F.R.D. 302, 303 (M.D. Fla. 1991).

15. Defendants failed to appear for their depositions as properly noticed and the Court had **not** ruled on Defendants' Motion for Protective Order. Plaintiff took a Certificate of Non-Appearance for Defendants' failure to appear as properly noticed which also resulted in wasted attorney preparation time and costs in the Court Reporter. Plaintiff has now wasted costs with the Court Reporter and attorney time. Additionally, Plaintiff's ability to gather important evidence regarding Defendants' position in this matter has been thwarted.

16. Per the Court's Order [DE21], on September 26, 2017, the undersigned counsel had a telephonic conference with Defense Counsel, Robert Shawn Hogue, Esq., and Carol Lumpkin, Esq. The telephone call was approximately fifteen (15) minutes in duration. Defendants provided the dates of October 23, 24, and 25,[3] as the earliest availability for the depositions to be set. The undersigned advised that she would advise the Court of the dates proposed and advise the Court that Plaintiff cannot agree to burn out three and a half weeks of valuable discovery time and that the undersigned would ask the Court for Defendants to be set on an earlier date than the end of October, 2017. The undersigned explained that should subpoenas be necessary for any follow up discovery and/or written discovery would need to be propounded that having only a month of follow-up discovery would be insufficient.[4] Further, the undersigned advised that Plaintiff was going to be

---

[3] Plaintiff's counsel is not available the week of October 23 as Plaintiff's counsel already has other matters set for that week including Oral Argument before the Eleventh Circuit Court of Appeals (10/24/17).

[4] Plaintiff would have less than a month of follow-up discovery if the Parties were unable to agree on dates for the follow-up depositions or needed to confer on dates, etc. Further, written

providing her Rule 26 disclosures within the next few days and that Defendants should do the same so that follow-up discovery can also be timely set. The Parties also agreed that Defendants would draft a Joint Motion for Extension of All Discovery Deadlines by thirty (30) days and ask the Court to reconsider the Court's ruling per [DE15]; the undersigned has agreed to work cooperatively with Defendants to ensure that said Motion is timely filed however there is no certainty that the Court will grant same.

17. Defendants' proposed availability would cause the expiration of a significant amount of time of discovery to lapse without Plaintiff having the opportunity to depose Defendants and gather relevant information with regards to follow-depositions and written discovery that would need to be set and propounded and unnecessarily burn out a significant portion of the discovery time provided by the Court in its Scheduling Order.

18. Therefore, Plaintiff respectfully requests this Court deny all relief sought by Defendants in their Motion [DE20], compel Defendants to attend for their deposition within the next seven (7) days, and enter an Order awarding Plaintiff's counsel all costs and fees related to preparing for the deposition properly noticed to occur on September 26, 2017, for the Certificate of Non-Appearance/Court Reporter appearance at same, for having to respond to this Motion [DE20], and for all related work.

## **MEMORANDUM OF LAW**

<u>Defendants Have Failed To Demonstrate Good Cause As To Why A Protective Order Should Be Entered.</u>

---

discovery responses would then come due after the discovery cutoff thereby thwarting Plaintiff's ability to conduct relevant follow-up written discovery.

The party seeking the protective order has the burden of showing that good cause exists by stating particular and specific facts. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981).[5] Federal Rule of Civil Procedure 26(c) specifically instructs the court to limit the frequency or extent of discovery if justice so requires to protect a party or witness from annoyance, embarrassment, oppression, or undue burden or expense. Rule 26(b)(1) instructs the court to limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or is obtainable from a more convenient or less burdensome or expensive source, (ii) the party seeking the discovery has had ample opportunity to obtain the information, or (iii) the discovery is unduly burdensome or expensive taking into account the circumstances of the particular case.

*Steven Baicker-McKee*, *Federal Civil Rules Handbook*, 411 (1998 ed.). "The burden is upon the movant to show the necessity of [a protective order's] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *See id.* (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5thCir. 1978) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory

---

[5] "Good cause" is a well established legal phrase. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11thCir. 1987). Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action. *Id.* In a different context, the Eleventh Circuit court has identified four factors for ascertaining the existence of good cause which include "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1205 (11thCir. 1985). In addition, the Eleventh Circuit has superimposed a "balancing of interests" approach to Rule 26(c). *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11thCir. 1985).

statements")). Moreover, the alleged harm must be significant, not a mere trifle. *See Cipollone*, 785 F.2d at 1121 (citing *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982)).

Defendants have failed to demonstrate good cause as to why Defendants failed to appear for their properly noticed depositions. Defendants' Motion [DE20] is completely void of any explanation whatsoever as to why Defendants and/or their counsel were unavailable on September 26, 2017, especially in light of the fact that there are at two (2) attorneys copied on the email communications.[6] Further, as abovementioned, it is disingenuous for Defendants to contend their clients are not available as they are simultaneously representing that they have been unable to reach their clients and/or are conferring with their clients.

At this juncture, it is vital for Plaintiff to have the opportunity to depose Defendants and have the opportunity to assess what follow-up discovery needs to be conducted relevant to the testimony elicited at same. There is absolutely no justification to burn out approximately 3.5 weeks of discovery and prejudice Plaintiff. Further, Plaintiff's counsel has made many efforts to coordinate the depositions without the need for Court intervention and Defendants/counsel are completely unbending in their position. The Defendant's deliberate failure to appear as properly Noticed has caused fees and costs to accrue unnecessarily. Had Defendants agreed to provide alternative dates for the depositions to be reset, and not waited until the eleventh hour to do same, and/or joined in the Motion for Extension of all deadlines or filed their own, there would not be a need for Court intervention. Defendants caused a significant last-minute burden on the undersigned Firm's calendar (which also requires coordination with defense counsel) and, as such, Defendants should pay Plaintiff's attorneys' fees and costs.

---

[6] No counsel for Defendants has filed a Notice of Appearance to date so Plaintiff is uncertain how many attorneys are assigned to this case for the defense.

The filing of a motion for a Protective Order does not excuse the movant from complying with the discovery requested. *See, Discovery Practice in the United States District Court Middle District of Florida,* § VI B; *See also, King v. Fidelity National Bank of Baton Rouge,* 712 F.2d 188, 191 (5th Cir.1983) (per curiam), *cert. denied* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984); *In re Skyway Development Corp.,* 67 B.R. 674, 677 (Bankr.M.D.Fla.1986); *Williams v. Am. Tel. & Tel. Co.,* 134 F.R.D. 302, 303 (M.D. Fla. 1991). As such, Plaintiff's Counsel prepared accordingly for the depositions and reviewed the case file in preparation of same, a court reporter was coordinated and a Certificate of Non-Appearance was issued. As the Court had not ruled on Defendant's Motion for Protective Order it was reasonable to Plaintiff to expect Defendants to appear at the deposition as properly noticed and, as such, Plaintiff's counsel coordinated the Court Reporter and spent attorney's fees related to preparation for same.

The court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Further, the Court ought to sanction Defendant as follows pursuant to Rule 37(a)(4)(A);

> …the Court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court find that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objections was substantially justified, or that other circumstances make an award of expenses unjust.

"Federal Rules of Civil Procedure 37(d) authorizes the imposition of sanctions, including dismissal, for a complete failure to appear for a deposition after being served with notice" and provides that "[n]o prior court order is required for Rule 37(d) sanctions." *United States v. One*

*Lot of U.S. Currency Totalling $506,537.00*, 628 F. Supp. 1473, 1476 (S.D. Fla. 1986) (alterations in original). Rule 37(d)(3) also makes clear that the imposition of reasonable fees and costs are mandatory unless the failure to appear was substantially justified or other circumstances make an award unjust.

Plaintiff respectfully request Defendants' Motion [DE20] be denied in its entirety and Plaintiff be awarded all attorneys fees incurred in responding to Defendants' Motion [DE20] along with all fees and costs associated with the depositions scheduled to occur on September 26, 2017, including attorney's fees in preparing for said depositions, Certificate of Non-Appearance/Court Reporter. Defendants have failed to articulate why their failure to appear was "substantially justified or other circumstances make an award unjust." Had Defendants properly conferred and provided reasonable alternative dates for the depositions to occur, these issues could have been resolved without the need for Court intervention. Thus, Defendants' Motion [DE20] was a waste of Court resources and vexatiously multiplied Court proceedings unnecessarily. Defense Counsel failed to provide alternative means of resolving the pending issues and its behavior should not be condoned. The fact that the depositions did not proceed as noticed has frustrated Plaintiff's ability to establish record evidence to present to the Jury and Plaintiff cannot let Defendants burn out valuable discovery time and prejudice her case.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THIS COURT DENY ALL RELIEF SOUGHT BY DEFENDANTS IN THEIR MOTION [DE20], COMPEL DEFENDANTS TO ATTEND FOR THEIR DEPOSITION WITHIN THE NEXT SEVEN (7) DAYS, AND ENTER AN ORDER AWARDING PLAINTIFF'S COUNSEL ALL COSTS AND FEES RELATED TO PREPARING FOR THE DEPOSITION PROPERLY NOTICED TO OCCUR ON SEPTEMBER 26, 2017, FOR THE CERTIFICATE OF NON-

APPEARANCE/COURT REPORTER APPEARANCE AT SAME, FOR HAVING TO

RESPOND TO THIS MOTION [DE20], AND FOR ALL RELATED WORK.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR DEFENDANTS
300-71ST STREET
SUITE 605
MIAMI BEACH, FL 33141
305-865-6766
305-865-7167


_ s/ Rivkah Jaff __
Rivkah Jaff, Esquire
Florida Bar No.: 107511

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING
WAS PROVIDED VIA CM/ECF ON 9/26/17 TO:**

**ROBERT SHAWN HOGUE, ESQ.
K&L GATES
200 SOUTH BISCAYNE BOULEVARD, SUITE 3900
MIAMI, FL 33131-2399
PH: 305-539-3325
EMAIL: SHAWN.HOGUE@KLGATES.COM**

**BY:__/s/____Rivkah F. Jaff_____
RIVKAH F. JAFF, ESQ.**